

MFD: USAO 2019R00359

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * CRIMINAL NO. PJM 19 cr 416 |
| VICTOR MATTI DEMATTIA, | * (Theft of Government Property, |
| | * 18 U.S.C. § 641; Aiding and |
| Defendant | * Abetting, 18 U.S.C. § 2; Forfeiture, |
| | * 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. |
| | * § 853, 28 U.S.C. § 2461(c)) |

*******

## INDICTMENT

### COUNT ONE

The Grand Jury for the District of Maryland charges that:

**Introduction**

At all times relevant to the charges in this Indictment:

1. **VICTOR MATTI DEMATTIA** ("**DEMATTIA**") was a resident of Mechanicsville, Maryland.

2. The Office of Personnel Management ("OPM"), Pursuant to Title 5 of the United States Code, had administrative and oversight authority over the Civil Service Retirement System ("CSRS"), which made monthly annuity payments to qualified individuals who retired from federal service. Employees who received CSRS annuity payments were known as annuitants. Any employee whose federal service commenced on or before December 31, 1986 had retirement coverage under the CSRS. CSRS annuity payments were generally issued directly to retirees. The entitlement to CSRS annuity payments ceased upon the death of the annuitant unless the annuitant elected to receive a lower monthly annuity payment in exchange for survivor

benefits, which would be paid to a surviving spouse or dependent child after the annuitant's death.

3. The Social Security Administration ("SSA") was an agency of the United States Government that administered the Retirement Insurance Benefit Program, which paid monthly benefits to individuals who worked and paid taxes to SSA ("Title II Retirement Benefit"). To be eligible for Title II Retirement Benefits, individuals must have had reached the age of 62 and paid a portion of their prior wages into the program. Benefit eligibility and payment amount were determined based on the age of the beneficiary at retirement and the average salary and number of years of employment.

4. Individual 1 retired from the Federal Government and began receiving a Social Security Title II Retirement Benefit in or about 1991 and CSRS federal retirement annuity payments from OPM in or about 1992.

5. At the time of Individual 1's death in 2009, Individual 1's Title II Retirement Benefit and CSRS annuity payments were paid by direct deposit into a bank account jointly titled to Individual 1 and **DEMATTIA** at Community Bank of the Chesapeake (the "Joint Account").

6. After Individual 1's death, neither **DEMATTIA** nor any other individual was entitled to receive Individual 1's Title II Retirement Benefit payments or CSRS annuity payments on Individual 1's behalf. Because SSA and OPM were not aware of Individual 1's death, SSA and OPM continued to make Title II Retirement Benefit payments and CSRS annuity payments to Individual 1 by direct deposit to the Joint Account until May 2018 and June 2018, respectively. When payments were suspended in 2018, SSA had paid a total of $40,403 and OPM had paid a total of $400,491 in unauthorized benefits.

7.     After Individual 1's death in January 2009, **DEMATTIA** regularly withdrew the Title II Retirement Benefit payments and CSRS annuity funds from the Joint Account and spent the funds on his own behalf.

### The Charge

8.     Between in or about February 2009 and in or about June 2018, in the District of Maryland, the defendant,

**VICTOR MATTI DEMATTIA,**

did embezzle, steal, purloin, and knowingly convert to his use and the use of another, any money and thing of value of the United States and any department and agency thereof, with an aggregate value that exceeded $1,000, that is, Social Security Retirement Insurance Benefit payments and Civil Service Retirement System annuity payments to which he was not entitled.

18 U.S.C. § 641
18 U.S.C. § 2

3

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), as a result of the defendant's conviction under Count One of this Indictment.

2. As a result of the offense set forth in Count One of the Indictment, the defendant,

**VICTOR MATTI DEMATTIA,**

shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such violation.

3. If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property, that is, at least $409,421.

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

Robert K. Hur
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

8/27/19
Date

5