IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. PJM-19-0416 |
| | * | |
| VICTOR MATTI DEMATTIA, | * | |
| | * | |
| Defendant | * | |
| | * | |
| | ****** | |

## ORDER AND FINDINGS REGARDING EXCLUDABLE TIME PURSUANT TO SPEEDY TRIAL ACT

Having considered the United States of America's Second Consent Motion to Exclude Time Pursuant to the Speedy Trial Act ("the Government's Motion"), as well as the District of Maryland's Standing Order Nos. 2020-02, 2020-05, and 2020-07 and Order regarding the suspension of proceedings in the Southern Division in *In re: Covid-19 Pandemic Procedures, Misc. No. 20-146.*, and good cause appearing, the Court hereby FINDS AS FOLLOWS:

1. The Indictment in this case was August 27, 2019. The Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on October 22, 2019. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence no more than 70 days from initial appearance or indictment, subject to various exclusions provided by the Speedy Trial Act.

2. The Court has previously ordered excluded the period of October 22, 2019 through February 14, 2020 in computing the time within which the trial must commence, pursuant to the Speedy Trial Act to enable the parties to review discovery, engage in plea negotiations, and prepare for trial in the event no agreement was reached.

3. The parties continued to review discovery, prepare for trial, and engage in plea negotiations until March 10, 2020, when an agreement was reached.

4. The ends of justice served by granting the requested continuance in this matter outweigh the best interests of the public and the Defendant in a speedy trial because the parties required a longer period than is normally afforded under the federal Speedy Trial Act to review discovery, prepare for trial and engage in plea discussions.

5. In addition, in response to the outbreak of the COVID-19 pandemic in the United States, on January 31, 2020, the Secretary of Health and Human Services declared a public health emergency for the entire United States. In addition, on March 13, 2020, the President of the United States declared a national emergency, and on March 5, 2020 the Governor of Maryland Larry Hogan declared a state of emergency related to the COVID-19 pandemic in the United States. And, on March 30, 2020, Governor Hogan further ordered that no Maryland resident should leave their home unless it is for an essential job or for an essential reason, such as obtaining food or medicine, seeking urgent medical attention, or for other necessary purposes. The Centers for Disease Control and Prevention and other public health authorities have advised taking precautions to reduce the possibility of exposure to the virus and to slow the spread of disease.

6. In light of these public declarations, on March 11, 2020, Chief Judge James K. Bredar entered an initial Standing Order imposing health- and travel-related limitations on access to Court facilities. *See* Standing Order No. 2020-02. Standing Order 2020-02 was subsequently amended on March 16 and March 20, 2020 and the Court also further restricted access to the Courthouse for limited personnel on Mondays, Wednesdays, and Fridays. *See* Amended Standing Order No. 2020-02; Second Amended Standing Order No. 2020-02; Order, *In re:*

*Covid-19 Pandemic Procedures*, Misc. No. 20-146, ECF 12. On March 20, 2020, Chief Judge Bredar entered another Standing Order suspending jury selection and jury trials in all criminal cases scheduled to start between March 20, 2020 and April 24, 2020. *See* Standing Order No. 2020-05. On April 10, 2020, Chief Judge Bredar entered another Standing Order further suspending jury selection and jury trials in all criminal cases scheduled to start between March 16, 2020 and June 5, 2020. *See* Standing Order No. 2020-05. That Order provided that the time period of the continuances implemented by the Order were excluded under the Speedy Trial Act, based upon the Chief Judge's finding that the ends of justice served by ordering the continuances outweighed the best interests of the public and any defendant's right to a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A). On March 18, 2020, the Court suspended all proceedings set to take place in the Southern Division U.S. Courthouse in Greenbelt, Maryland until further notice. Order, *In re: Covid-19 Pandemic Procedures*, Misc. No. 20-146.

7. The conditions imposed by Standing Order Nos. 2020-02, 2020-05, 2020-07, and related orders were necessary to reduce the size of public gatherings and reduce unnecessary travel in order to ensure the health and safety of the public, Court employees, litigants, counsel, interpreters, law enforcement officials, and jurors, who must work and interact in close quarters.

8. Given the grave public-health concerns discussed in the Standing Orders, the Court's reduced ability to obtain an adequate spectrum of jurors, and the reduced availability of attorneys and Court staff to be present in courtrooms because of the public health considerations described above, as well as the additional facts set forth in the Government's Motion (which the Court incorporates here), the ends of justice served by the continuance outweigh the best interest of the public and Defendant in a speedy trial.

9. Failure to grant the continuance would likely make a continuation of the proceeding impossible or result in a miscarriage of justice, particularly given the need for a full, unhindered, continuously serving jury venire and seated jury, which is central to the sound administration of justice.

10. Failure to continue this case is also likely to put counsel, parties, witnesses, jurors, and Court personnel at unnecessary risk.

11. Due to the restrictions imposed by current public-health concerns it is also unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits. Thus, denial of a continuance is likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of counsel for the Government or the Defendant, or failure on the part of the Government to obtain available witnesses.

Accordingly, the Court finds that there are facts that support a continuance of the trial date in this matter, and good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

Therefore, for good cause shown, and having found that the ends of justice served by a continuance of the trial and exclusion of Speedy Trial Act time outweigh the best interests of the defendant, and the public, in a speedy trial,

The time period of February 14, 2020 to June 15, 2020, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv).

12. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO **ORDERED**.

Signed this 4 of May, 2020.

HONORABLE PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE
DISTRICT OF MARYLAND